THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (No. 022349)
One East Washington, Suite 500
Phoenix, AZ  85004
Telephone:  (602) 456-1901
Facsimile:  (602) 801-2834
benedetto@the-plf.com

*Attorneys for Plaintiff Angel Goff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Goff, a single woman, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| State of Arizona, a governmental entity; Juan Ignacio Ramirez, Jr. and Jane Doe Ramirez, | |
| | **(JURY TRIAL DEMANDED)** |
| Defendants. | |

For her Complaint against Defendants State of Arizona, Juan Ignacio Ramirez, Jr. and Jane Doe Ramirez, Plaintiff Angel Goff, through undersigned counsel, hereby alleges as follows:

**INTRODUCTION**

1. The framers of the United States Constitution felt so strongly about the government's lack of authority to subject its citizens to cruel and unusual punishment that they included a permanent prohibition against such behavior in the Bill of Rights.  Yet, by 2003, being forcibly raped somehow become part-and-parcel of being an inmate in the American penal system – so much so that Congress had to intervene, passing the Prison Rape Elimination Act ("PREA") in an effort to uphold the basic values on which our Republic was founded.

2. In passing PREA, Congress aimed to protect inmates from being raped by other inmates. Congress seemingly accomplished that objective. An issue it did not address, could not have addressed, was one that was so far afoul of a free democracy that it was not even on Congress's radar: inmates being raped by sworn officers. Yet, this is precisely what happened in this case, and what is happening far too often throughout the State of Arizona with little-to-no meaningful intervention by our government.

3. This is precisely what happened in this case, and it happened to one of the most vulnerable inmates in the penal system: For over a year, from late 2014 until mid-2016, Defendant Juan Ignacio Ramirez, Jr., a State of Arizona Corrections Officer, molested, touched, and ultimately sexually assaulted Angel Goff, a vulnerable transgender inmate in the custody of the Arizona Department of Corrections. Officer Ramirez's abuse of Ms. Goff was so psychological torturous that she nearly killed herself, before finally calling the hotline PREA had established to report prison rape.

4. This is a case in which Ms. Goff seeks a judgment that confirms what we all want to believe is true (but that, in Arizona, is increasingly placed into question): that, in the United States of America, we will not allow vulnerable individuals entrusted to our penal institutions to be used as tools of sexual pleasure by our sworn corrections officers

**JURISDICTION AND VENUE**

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3)(4) and 1367(a). This Court has jurisdiction over Plaintiff's claims for violation of her civil rights under 42 U.S.C. § 1983 and pendent jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions that give rise to this action occurred within this District within one year of the filing of the original Complaint, and this Court otherwise has jurisdiction.

7. This case presents an actual case in controversy arising under the Fourth,

Eighth, and Fourteenth Amendments to the United States Constitution, and under the provisions of 42 U.S.C. §§ 1983 and 1988.

## **PARTIES**

8. Plaintiff Angel Goff (formerly known as Angel Kraft) is a single woman residing at the Arizona State Prison Complex-Lewis in Buckeye, Arizona.

9. Defendant State of Arizona (the "State") is a state of the United States of America, entering the union as the 48th state in 1912. The State operates the Arizona Department of Corrections ("ADOC"), which owns and operates the state prisons housing prisoners within the State of Arizona, and is the governmental entity with ultimate authority and control over conditions within the state prison system.

10. Upon information and belief, Juan Ignacio Ramirez, Jr. and Jane Doe Ramirez are a married couple, residing in Maricopa County, Arizona. At all times relevant to this Complaint, Mr. Ramirez was acting in furtherance of his marital community.

11. The State is under a duty to run its corrections operations in a lawful manner so as to preserve for the inmates under its custody the rights, privileges, and immunities guaranteed to them by the Constitutions and laws of the United States of America and the State of Arizona.

12. The State has established, or delegated ADOC the responsibility for establishing and implementing, policies, practices, procedures and/or customs used by its corrections officers employed by the State.

13. Every act and omission of the employees, representatives, and agents of Defendants detailed in this Complaint was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs and uses of the United States of America and the State of Arizona, by virtue of their authority as sworn corrections officers, and within the course and scope of their employment.

14. For the purpose of Plaintiff's state law claims, but not for claims under section 1983, the City is responsible for the wrongful acts or omissions of its employees under the doctrine if *respondeat superior*.

**GENERAL ALLEGATIONS**

15. Plaintiff Angel Goff ("Ms. Goff"), formerly known as Angel Kraft, is a transgender woman who was born a male and has identified as a female for her entire life.

16. At all times relevant to this Complaint, Ms. Goff was an inmate under the custody control of the ADOC, housed at the Arizona State Prison Complex-Lewis in Buckeye, Arizona ("ASPC-Lewis").

17. In late 2014, Ms. Goff was assigned to the Buckley Unit at ASPC-Lewis, where Defendant Juan Ignacio Ramirez, Jr. ("Defendant Ramirez") worked as a corrections officer.

18. During that time, Defendant Ramirez began showing Ms. Goff extra personal attention that could be described as "flirting."

19. After some time, Defendant Ramirez escalated his conduct to forcible sexual assault – grabbing Ms. Goff's breasts and other body parts during "pat downs" and pushing himself against her.

20. Over the course of the next year, Defendant Ramirez's conduct continually escalated, with him eventually forcing her to perform oral sex on him on multiple occasions.

21. With each interaction, Defendant Ramirez's conduct grew more aggressive and violent, and Ms. Goff eventually grew fearful for her safety. Because of the power disparity between them, however, Ms. Goff felt as if she could not refuse or inform anyone of what happening.

22. In the spring of 2016 Ms. Goff's mental health had been pushed to a breaking point, and she had a nervous breakdown.

23. Having nowhere else to turn, Ms. Goff called the Prison Rape Elimination Act ("PREA") hotline to register a complaint against Defendant Ramirez.

24. On or about June 23, 2016, the Arizona State Prison Complex Lewis Criminal Investigations Unit ("CIU") received notification of a recorded message left on the PREA hotline by Ms. Goff, indicating that she had been the victim of a string of coerced sexual encounters with Defendant Ramirez.

25. On or about June 27, 2016, CIU interviewed Defendant Ramirez about Ms. Goff's allegations. Defendant Ramirez flatly denied having any physical contact with her.

26. On or about June 28, 2016, Defendant Ramirez purportedly contacted the CIU investigator proactively, and changed his story, admitting he had Ms. Goff perform oral sex on him on two separate occasions.

27. Defendant Ramirez was arrested that same date.

28. On or about July 5, 2016, a Maricopa County Grand Jury indicted Defendant Ramirez for multiple felony counts, including two counts of unlawful sex with a custodian in violation of A.R.S. § 13-1419.

29. On or about November 8, 2016, Defendant Ramirez pled guilty to two counts of Attempted Unlawful Sexual Conduct With a Person In Custody, both Class 6 undesignated felonies, in violation of A.R.S. § 13-1419(A).

30. On or about January 18, 2017, the Maricopa County Superior Court sentenced Defendant Ramirez to two 10-year terms of probation to run concurrently.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in Violation of 4th and 8th Amendments**
*(Against Defendant Ramirez Only)*

31. Ms. Goff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

32. 42 U.S.C section 1983 provides, in relevant part, as follows:

Every person, who under color of any statute, ordinance,

> regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

42 U.S.C. § 1983.

33. Ms. Goff is a citizen of the United States; Defendant Ramirez is a person for the purposes of 42 U.S.C. § 1983.

34. Defendant Ramirez was, at all times relevant hereto, acting under the color of law in his capacity as a State of Arizona Corrections Officer, and his acts and omissions were conducted within the scope of his official duties or employment.

35. At the time of the complained-of events, the Fourth Amendment to the United States Constitution clearly established Ms. Goff's right to be secure in her person from unreasonable seizure through excessive force.

36. At the time of the complained-of events, any reasonable corrections officer would have known that the Constitution clearly establishes the right of American citizens to be secure in their persons from unreasonable seizure through excessive force.

37. At the time of the complained-of events, any reasonable corrections officer would have known that the Constitution clearly establishes the right of American citizens to be free from cruel and unusual punishment.

38. Defendant Ramirez's actions and use of force as described herein, namely a series of coerced and non-consensual sexual batteries, were objectively unreasonable and violated Plaintiff's rights.

39. Defendant Ramirez's actions and use of force as described herein were also malicious and/or involved reckless, callous, and deliberate indifference to Ms. Goff's federally protected rights.

40. Under the circumstance, the force Defendant Ramirez used against Ms. Goff

shocks the conscience and violated Plaintiff's rights.

41. Defendant Ramirez engaged in the above-described conduct willfully, maliciously, in bad faith, with willful indifference to and in reckless disregard of Ms. Goff's federally protected constitutional rights, and with conscious awareness that he would cause Plaintiff severe physical and emotional injuries.

42. Defendant Ramirez's acts and/or omissions were moving forces behind Plaintiff's injuries, intentionally depriving Ms. Goff of her constitutional rights and causing her other damages.

43. Insofar as Ms. Goff's constitutional right to be free of sexual contact with a corrections officer was well-established at the time, Defendant Ramirez is not entitled to qualified immunity for the conduct complained of in this Complaint.

44. At all times relevant to this Complaint, Defendant Ramirez was acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to Ms. Goff.

45. As a proximate result of Defendant Ramirez's unlawful conduct, Ms. Goff suffered injuries and other damages and losses as described herein entitling him to compensatory, economic, consequential and special damages in an amount to be determine at trial.

46. Defendant Ramirez is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

47. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Ramirez under 42 U.S.C. § 1983, in that the actions of this Defendant were taken maliciously, willfully, or with a reckless disregard of Plaintiff's constitutional rights.

## SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments**
*(Against Defendant State of Arizona only)*

48. Ms. Goff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

49. At the time of the complained-of events, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution guaranteed Plaintiff the right to be free from excessive force, sexual battery, and sexual contact of any kind with a corrections officer.

50. At the time of the complained-of events, Defendants State of Arizona and Ramirez knew or should have known of these rights.

51. As described herein, Defendant Ramirez's sexual contact with Ms. Goff deprived her of her constitutional rights

52. Defendants are not entitled to qualified immunity for the complained-of conduct.

53. Defendant State of Arizona has developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action among various available alternatives.

54. Defendant State of Arizona has created and tolerated an atmosphere of lawlessness, having developed and maintained long-standing, department-wide customs, law enforcement-related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of other inmates.

55. More specifically, Defendant State of Arizona has developed and maintained, permitted to propagate and grow, and has a department-wide custom of failing to prevent, investigate, or discipline its corrections officers for engaging in consensual, coerced, and non-consensual sexual contact with inmates.

56. Additionally, upon information and belief, on or about March 25, 2014, while he was employed by ADOC, Defendant Ramirez was arrested and charged for manifesting intent to commit prostitution.

57. Upon information and belief, Defendant State of Arizona failed to implement a system by which they would monitor such sex charges and, upon identification of same, subject corrections employees to heightened monitoring and supervision.

58. The improper training and supervision provided by the State of Arizona resulted from a conscious or deliberate choice to follow a course of action from among various alternatives.

59. As a direct result of Defendant State of Arizona's unlawful conduct, Plaintiff has suffered injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

60. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

**THIRD CLAIM FOR RELIEF**
**Assault and Battery under Arizona law**
*(Against All Defendants)*

61. Ms. Goff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

62. As set forth herein, Defendant Ramirez caused harmful or offensive contact with Ms. Goff.

63. As set forth herein, Defendant Ramirez acted outside the scope of his

1  authority to use lawful force, and therefore had no legal right to cause the harmful or offensive contact with Ms. Goff.

64. As a direct and proximate cause of Defendant Ramirez's harmful and offensive contact, Ms. Goff was injured and suffered other damages in an amount to be proven at trial.

65. As set forth herein, Defendant Ramirez was acting within the course and scope of his employment as a police officer for the State of Arizona when he made contact with Ms. Goff:  He was performing an act he was authorized to perform; he was on-duty working in his regular job capacity; and his actions were motivated at least in part by a purpose to serve the State of Arizona.

66. Because Defendant Ramirez was acting within the course and scope of his employment for the State of Arizona, Defendant State of Arizona is vicariously liable for the damages caused by his tortious conduct.

**FOURTH CLAIM FOR RELIEF**
**Gross Negligence**
*(Against All Defendants)*

67. Ms. Goff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

68. As set forth herein, Defendant Ramirez, as all corrections officers, owed a duty to Ms. Goff to exercise reasonable care with respect to her safety, physical health, and mental health.

69. As set forth herein, Defendant Ramirez breached this duty when he engaged in coercive and/or non-consensual contact with Ms. Goff.

70. As a direct and proximate cause of Defendant Ramirez's harmful and offensive contact, Ms. Goff was injured and suffered other damages in an amount to be proven at trial.

71. As set forth herein, Defendant Ramirez was acting within the course and

1  scope of his employment as a police officer for the State of Arizona when he made contact
2  with Ms. Goff: He was performing an act he was authorized to perform; he was on-duty
3  working in his regular job capacity; and his actions were motivated at least in part by a
4  purpose to serve the State of Arizona.

5  72. Because Defendant Ramirez was acting within the course and scope of his
6  employment for the State of Arizona, Defendant State of Arizona is vicariously liable for
7  the damages caused by his tortious conduct.

## FIFTH CLAIM FOR RELIEF
### Negligence Per Se
*(Against All Defendants)*

10  73. Ms. Goff hereby incorporates by reference the allegations contained in the
11  foregoing paragraphs as if they were fully set forth herein.

12  74. A.R.S. § 13-1419(A) prohibits a correctional employee from "engaging in
13  any act of a sexual nature with an offender who is in custody of the state department of
14  corrections . . . ."

15  75. At the time of the events alleged herein, Defendant Ramirez was a
16  correctional employee.

17  76. At the time of the events alleged herein, Ms. Goff was "an offender . . . in
18  custody of the state department of corrections."

19  77. A.R.S. § 13-1419(A) was enacted for the protection of the class of
20  individuals of which Ms. Goff was a member, i.e., inmates.

21  78. Defendant Ramirez violated A.R.S. § 13-1419(A).

22  79. Ms. Goff was injured as a direct and proximate cause of Defendant
23  Ramirez's violation of A.R.S. § 13-1419(A).

24  80. As a result of the foregoing, Ms. Goff suffered damages in an amount to
25  be proven at trial.

26  81. As set forth herein, Defendant Ramirez was acting within the course and

1  scope of his employment as a police officer for the State of Arizona when he made contact
2  with Ms. Goff: He was performing an act he was authorized to perform; he was on-duty
3  working in his regular job capacity; and his actions were motivated at least in part by a
4  purpose to serve the State of Arizona.

5      82.    Because Defendant Ramirez was acting within the course and scope of his
6  employment for the State of Arizona, Defendant State of Arizona is vicariously liable for
7  the damages caused by his tortious conduct.

**SIXTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
*(Against All Defendants)*

10      83.    Ms. Goff hereby incorporates by reference the allegations contained in the
11  foregoing paragraphs as if they were fully set forth herein.

12      84.    Defendant Ramirez's above-described conduct was extreme and outrageous
13  because an average member of the community would regard the conduct as atrocious,
14  intolerable in a civilized community, and beyond all possible bounds of decency.

15      85.    Defendant Ramirez's above-described conduct was intentional insofar as he
16  intended to cause Ms.Goff emotional distress.

17      86.    Defendant Ramirez's above-described conduct was reckless because he was
18  aware of and consciously disregarded the near certainty that it would cause Ms. Goff
19  emotional distress.

20      87.    Defendant Ramirez's above-described conduct caused Ms. Goff to suffer
21  severe emotional distress, namely, the onset of severe depression, anxiety, and suicidal
22  ideations.

23      88.    As a direct and proximate result of the actions of Defendant Ramirez, was
24  injured and suffered damages in an amount to be proven at trial.

25      89.    As set forth herein, Defendant Ramirez was acting within the course and
26  scope of his employment as a corrections officer for the State of Arizona during the sum

of his involvement in this matter: Defendant Ramirez was performing acts he was authorized to perform; was on-duty, working in his regular job capacity; and his actions were motivated at least in part by a purpose to serve the State of Arizona.

90. In addition to its independent and direct liability for negligence, because Defendant Ramirez was acting within the course and scope of his employment for the State of Arizona, Defendant State of Arizona is vicariously liable for the damages caused by Defendant Ramirez's tortious conduct.

**SEVENTH CLAIM FOR RELIEF**
**Abuse of a Vulnerable Adult**
*(Against All Defendants)*

91. Ms. Goff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

92. At all times relevant to this complaint, Ms. Goff was a transgender woman in a men's correctional facility who, by virtue of her gender dysphoria and marginalized status, was unable to protect herself from abuse, neglect, or exploitation of others, including correctional employees.

93. As set forth herein, Defendant Ramirez committed sexual abuse of sexual assault on Ms. Goff, causing her damages in an amount to be proven at trial.

94. As set forth herein, Defendant Ramirez intentionally inflicted physical harm on Ms. Goff, causing her damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Angel Goff hereby requests that the Court enter judgment against Defendants State of Arizona and Juan Ignacio Ramirez, Jr. as follows:

    A.    For damages in an amount sufficient to compensate Ms. Goff fairly and fully for the numerous violations of her Constitutional Rights;

    B.    For general, consequential, special, and compensatory damages, including but not limited to her pain and suffering, mental anguish, emotional

1 suffering, and loss of enjoyment of life;

2     C.    For nominal damages as provided for by law;

3     D.    For treble damages as provided for by A.R.S. § 46-456(B);

4     E.    For prejudgment interest on all liquidated sums;

5     F.    For attorneys' fees under 42 U.S.C. §§ 1983 and 1988, and as provided for by Arizona law;

7     G.    For Ms. Goff's costs and other expenses incurred in this action; and

8     H.    Such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED this 26th day of May, 2017.

THE PEOPLE'S LAW FIRM, PLC
One East Washington, Suite 500
Phoenix, AZ  85004


By /s/ Stephen D. Benedetto
    Stephen D. Benedetto

*Attorney for Plaintiff Angel Goff*